UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TANYA M. CHASE,

                                     Plaintiff,

                        v.

ANDREW SAUL,
Commissioner of Social Security,

                                       Defendant.
_____

<u>DECISION AND ORDER</u>

18-CV-1227L

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the final determination of the Commissioner.

On March 13, 2015, plaintiff, then 35 years old, filed applications for a period of disability and disability insurance benefits, and Supplemental Security Income benefits, under Titles II and XVI of the Social Security Act. Plaintiff alleged an inability to work since January 1, 2010. (Dkt. #5 at 17). Her applications were initially denied.

Plaintiff requested a hearing, which was held on August 30, 2017 via videoconference before Administrative Law Judge ("ALJ") Elizabeth Ebner. The ALJ issued a decision on October 3, 2017, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #5 at 17-27). That decision became the final decision of the Commissioner when the Appeals Council denied review on September 2, 2018. (Dkt. #5 at 1-4). Plaintiff now appeals.

The plaintiff has moved to remand the matter for further proceedings (Dkt. #10), and the Commissioner has cross moved (Dkt. #14) for judgment on the pleadings, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons that follow, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the decision appealed-from is affirmed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision recites detailed findings of fact and recites the bases upon which they rest. Upon careful review of the complete record, I believe that the ALJ applied the correct legal standards, and that her finding that plaintiff is not totally disabled is supported by substantial evidence.

In assessing plaintiff's application, the ALJ summarized plaintiff's medical records, with particular focus on plaintiff's bipolar disorder, anxiety, posttraumatic stress disorder ("PTSD"), back pain, leg pain, wrist pain, status post benign brain tumor, headaches, opioid dependence in remission, alcohol abuse in remission, and cannabis use in remission, which she determined together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #5 at 19).

Upon review of the evidence of record, the ALJ determined that plaintiff retains the residual functional capacity ("RFC") to perform light work, except that she can only frequently

use foot controls or hand controls; frequently reach overhead and in all directions, handle and finger; occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; occasionally balance, stoop, kneel, crouch and crawl; cannot be exposed to dangerous moving mechanical parts or unprotected heights; is limited to simple repetitive routine tasks, but not at an assembly line pace; can only make simple work-related decisions; can only occasionally have contact with supervisors, coworkers or the public; and can only tolerate occasional changes in the work setting. (Dkt. #5 at 21). When given this RFC at the hearing as a hypothetical, vocational expert Jane F. Beougher testified that such an individual could perform the representative occupations of merchandise marker, electrode cleaner, and housekeeper. (Dkt. #5 at 26).

Plaintiff's chief argument is that the ALJ's decision was not supported by substantial evidence, and that the ALJ failed to sufficiently explain the reasons for her conclusions or to identify the weight she gave to certain medical opinions of record.

These medical opinions were comprised of an April 28, 2015 opinion by consulting psychiatrist Dr. Susan Santarpia (Dkt. #5 at 382-86), and an August 9, 2017 opinion by treating social worker Denise Ammerman. (Dkt. #5 at 537-42).[1] Although the ALJ discussed both opinions, she failed to articulate the weight given to them, or to explain how her RFC findings reflected the limitations described therein.

While an ALJ is required to set forth the weight given to medical opinions of record, an ALJ's failure to do so may be found harmless, where the ALJ discusses the opinions in sufficient detail and makes findings that are generally consistent with them. *See Staley v. Saul*, 2020 U.S.

---

[1] Neither the ALJ nor plaintiff mentioned an additional opinion in the record; that of treating social worker Shanena Brundage, dated August 25, 2017. (Dkt. #5 at 697-701). Given that Ms. Brundage's opinion does not support plaintiff's claim of disability and largely mirrors Ms. Ammerman's – identifying a history of symptoms including feelings of guilt, mood disturbance, difficulty thinking or concentrating, and substance dependence, but specifying no limitations whatsoever arising from those symptoms – the ALJ's failure to include it in her discussion is harmless error.

Dist. LEXIS 29157 at *12-*13 (W.D.N.Y. 2020); *Buscemi v. Colvin*, 2014 U.S. Dist. LEXIS 134827 at *34-*35 (W.D.N.Y. 2014).

Here, the ALJ's reasoning is sufficiently detailed to permit review, and the manner in which the ALJ's RFC finding reflected the medical opinions of record is so transparent that additional explanation is not required. Simply put, while the ALJ did not explicitly state the extent to which she credited Dr. Santarpia's or Ms. Ammerman's opinions, she manifestly gave them significant weight, and her RFC finding accounts for, and even exceeds, all of the limitations they described. Dr. Santarpia found that plaintiff is able to understand and carry out simple directions and instructions, perform simple and complex tasks independently, maintain attention and concentration, maintain a schedule, learn new tasks, make appropriate decisions, relate adequately with others, and deal appropriately with stress. (Dkt. #5 at 385). Ms. Ammerman indicated that plaintiff's prior medical history had included symptoms including memory impairment, decreased energy, easy distractibility and thinking disturbances, but indicated no limitations in any functional area that resulted from them. (Dkt. #5 at 537-42).

In her decision, the ALJ noted that neither Dr. Santarpia nor Ms. Ammerman had identified "any significant work related limitations" in their opinions, but nonetheless acknowledged that, "the record shows that . . . [plaintiff] is in treatment for bipolar disorder and PTSD. The [RFC] capacity considered these mental health issues by limiting the claimant to simple tasks, without production standards, and limited contact with others." (Dkt. #5 at 25). Given that the ALJ discussed – and her RFC finding fully reflected (and even exceeded) – the limitations suggested in the opinions of Dr. Santarpia and Ms. Ammerman, the ALJ's error in failing to specify the weight given to those opinions was harmless.

Plaintiff also contends that the ALJ's decision was inconsistent, in that the ALJ described plaintiff's hearing testimony as "forthright" and found that the medical evidence of record "mostly" supported her allegations, yet failed to fully incorporate into her RFC finding plaintiff's hearing testimony that she needed to lie down sometimes and felt tired 3 days per week. Because neither plaintiff's diagnoses nor the medical evidence of record substantiate the need to lie down or be off-task, and because none of plaintiff's treating or examining physicians identified such a limitation, I find that the ALJ's decision not to fully credit plaintiff's testimony on that point was supported by substantial evidence, and was not erroneous.

In sum, I find that substantial evidence supports the ALJ's conclusion that plaintiff, at the time of her alleged onset date a 30-year-old woman with a high school education and past relevant work as a bartender, laundromat worker and sales clerk, was not totally disabled, due to the ALJ's finding at step five that although plaintiff's RFC would not permit her to return to her past relevant work, several alternative positions existed in the economy that plaintiff could perform. (Dkt. #5 at 26). I find no basis to disturb it.

## CONCLUSION

For the forgoing reasons, plaintiff's motion for judgment on the pleadings (Dkt. #10) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is granted. The Commissioner's decision that plaintiff was not disabled is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
March 25, 2020.